Filed 12/8/14  P. v. Chavez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL ANASTACIO CHAVEZ,<br><br>Defendant and Appellant. | F067551<br><br>(Super. Ct. No. MCR045393)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Detjen, J.

Defendant Angel Anastacio Chavez contends (1) the trial court abused its discretion and violated his federal due process rights by failing to dismiss his prior strike conviction and (2) the trial court erred in imposing fines beyond the total amount it pronounced at sentencing. We modify the judgment and affirm.

## PROCEDURAL SUMMARY

On March 19, 2013, the Madera County District Attorney charged defendant with unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count 1) and receiving a stolen vehicle (Pen. Code, § 496d, subd. (a);[1] count 2). The information further alleged that defendant had suffered a prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served a prior prison term (§ 667.5, subd. (b)).

A jury found defendant guilty as charged, and the trial court found both special allegations true.

Defendant unsuccessfully requested that the trial court dismiss his prior strike conviction.

The trial court sentenced defendant to a four-year prison term on count 1; a four-year term on count 2, stayed pursuant to section 654; plus a one-year term for the prior prison term enhancement.[2] The court imposed a $974 fine pursuant to Vehicle Code section 10851, subdivision (a), including penalties.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The abstract of judgment correctly reflects a four-year term on count 1, but the minute order erroneously states a six-year term. This should be corrected to agree with the trial court's oral pronouncement of sentence.

## FACTS

On January 21, 2013, defendant stole a car parked in front of the owner's house. When defendant was found, he was pushing the car, which was now damaged, and he was carrying documents belonging to the car's owner in his pocket.

## DISCUSSION

### I.    *Romero*[3] Motion

Defendant contends the trial court abused its discretion when it refused to dismiss his prior strike conviction and proceeded to sentence him to twice the base term under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Section 1385 grants trial courts the discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice.  (§ 1385, subd. (a); *Romero, supra,* 13 Cal.4th at pp. 529-530.)  "'A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited.  Its exercise must proceed in strict compliance with … section 1385[, subdivision] (a) ….'"  (*People v. Williams* (1998) 17 Cal.4th 148, 158.)  The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders."  (*Romero, supra,* at p. 528; *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].)  The Three Strikes law establishes "'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike'" *unless* the sentencing court finds a reason for making an exception to this rule.  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)  There are "stringent standards that sentencing courts must follow in order to find such an exception."  (*Ibid.*)  In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the

---

**3**     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 (*Romero*).

defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra,* at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard. (*People v. Carmony, supra,* 33 Cal.4th at p. 374.) An abuse of discretion is established by demonstrating that the trial court's decision is "irrational or arbitrary. It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) When the record shows the trial court considered relevant factors and acted to achieve legitimate sentencing objectives, the court's decision will not be disturbed on appeal. (*Ibid.*)

In this case, defendant moved to dismiss his December 2002 prior felony conviction for assault with a semiautomatic firearm (§ 245, subd. (b)), with an enhancement for participation in a criminal street gang (§ 186.22, subd. (b)(1)), on the grounds that the conviction was rather remote, that he did not engage in violent activities, and that his criminal history consisted of drug-related and theft-related convictions that had created a vicious circle for him.

In denying the motion, the trial court stated:

> "I have read and considered the request as well as the People's opposition. I heard arguments. I think [defendant] could benefit from not only drug treatment but behavioral health treatment as well. But the fact of the matter is[,] given [defendant's] record and compliance history, the Court finds that the interest of justice would not call for the striking of the prior serious conviction[,] so the request is denied."

Defendant's probation report shows that his juvenile history, which began at 15 years of age, included petty theft, assault with a deadly weapon (or force likely to cause great bodily injury), burglary, cruelty to animals, and escape or attempted escape from a facility. His first adult conviction was the strike conviction in 2002, for which he was sentenced to eight years in prison. Five years later, he was convicted of receiving a

4

stolen vehicle, a misdemeanor, and he was returned to prison. In both April 2008 and January 2009, he violated parole and was returned to prison. In November 2009, he was convicted of resisting an officer and false representation to an officer, both misdemeanors, and he was returned to prison. In November 2012, he was convicted of attempted theft, a misdemeanor. He was also convicted of vandalism, a misdemeanor, which he committed two days after the attempted theft. He was on probation for those offenses when he committed the current offenses on January 21, 2013.

Defendant now argues that the trial court failed to consider the circumstances of the prior offense or defendant's background and prospects. He explains that the prior offense was his only violent offense. The instant offense was nonviolent, and his other prior offenses were nonviolent misdemeanors. He further notes that the prior strike offense was remote in time, having been committed 11 years before the current offense when he was only 20 years old. In the intervening years, his offenses had decreased in severity. He had been employed recently and he believed a drug program would improve his prospects. He argues that his youth at the time of the strike prior and the decreasing seriousness of his convictions in the following 11 years bring him outside the spirit of the Three Strikes law.

We conclude, however, that defendant has failed to establish that the trial court's denial of the motion to dismiss his prior strike conviction was outside the bounds of reason under the facts and the law. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it. And here it was not. The trial court considered relevant factors and acted to achieve legitimate sentencing objectives. As the probation report notes, defendant's prior convictions were numerous and his prior performance on parole and probation was unsatisfactory. When he was out of custody, he engaged in criminal conduct and was returned to custody. We see no abuse of discretion.

5

## II. Fines

Defendant contends the trial court committed a mathematical error when it calculated the fine imposed pursuant to Vehicle Code section 10851, subdivision (a). The People concede and we agree.

The probation report listed the constituent fines as $200, $340, $40, $100, $80, $80, $40, $60, and $4, but then erroneously calculated the total of these as $974, rather than $944. The trial court simply repeated the error, stating at sentencing:

> "Court imposes a fine pursuant to Section 10851, Subdivision (a) of the Vehicle Code. The amount of $974 which includes a base fine of $200 plus penalties, assessments, surcharges and fees which are listed in the probation report and will be listed on the minute order."

The minute order also lists the same constituent fines and the same erroneous total. We will order the total of the fines corrected to $944.

## DISPOSITION

The judgment is modified to reduce the total fine amount under Vehicle Code section 10851, subdivision (a) from $974 to $944. The trial court is directed to prepare an amended abstract of judgment (correcting the fine amount to $944) and minute order (correcting both the fine amount to $944 and the term on count 1 to four years) and forward certified copies to the California Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

6